1  Richard P. Sybert, Bar No. 080731
   rsybert@gordonrees.com
2  Maha Sarah, Bar No. 218981
   msarah@gordonrees.com
3  GORDON & REES LLP
   101 West Broadway, 16th Floor
4  San Diego, California 92101
   tel (619) 696-6700 / fax (619) 696-7124
5
   Attorneys for Plaintiff
6  LANARD TOYS LIMITED

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 LANARD TOYS LIMITED, a Hong Kong ) CASE NO. 09-cv-2246 DMS (BLM)
   corporation,                    )
                                   )
12                   Plaintiff,    ) **JOINT DISCOVERY REPORT**
                                   ) **[F.R.C.P. 26(f)]**
13      vs.                        )
                                   )
14 PRIME TIME TOYS LIMITED, a Hong Kong )
   corporation; PRIME TOYS LLC, a New Jersey ) **JUDGE:**
15 limited liability company; DISCOVERY ) Hon. Dana M. Sabraw
   COMMUNICATIONS, INC., a Delaware )
16 corporation; and DOES 1-10, inclusive, ) **MAGISTRATE**
                                   ) **JUDGE:**
17                   Defendants.   ) Hon. Barbara Lynn Major
                                   )
18 ─────────────────────────────────

19     Plaintiffs LANARD TOYS LIMITED ("Plaintiffs" or "Lanard"), and defendants/

20 counterclaimants PRIME TIME TOYS LIMITED, PRIME TIME TOYS LLC, and

21 DISCOVERY COMMUNICATIONS, INC. (collectively, "Defendants") respectfully submit the

22 following Joint Discovery Report:

23     **1.     Disclosures under Rule 26(a)**

24     Pursuant to this Court's Order, Initial Disclosures shall be made by January 8, 2009. The

25 parties do not propose any changes in the timing, form or requirements of the disclosures.

26     **2.     Subjects of Discovery**

27     The parties anticipate discovery will be needed on validity/invalidity, infringement/

28
-1-
JOINT DISCOVERY REPORT

noninfringement, enforceability/unenforceability, and damages. The parties do not agree on the deadline for discovery. Plaintiff seeks a deadline of June 30, 2010. Defendants request a discovery deadline of September 30, 2010 because they believe the case is relatively complex, having nine separate claims for relief, including a claim for patent infringement, and such deadline is consistent with the timeline under the Patent Local Rules, as a guideline. Plaintiff rejects that the Patent Local Rules have any relevance to this case whatsoever, whether as a "guideline" or otherwise, as this case (which was filed well prior to the December 1, 2009 effective date for the Patent Local Rules in any event) involves a design patent (along with trade dress and unfair competition), whereas the Patent Local Rules apply to utility patents only. *See* Patent Local Rule 1. In addition, notwithstanding the alleged "complexity" of the legal claims, Plaintiff believes this is a simple and straightforward case of infringement not involving any complexity or technical matter.

However, all parties agree that expert discovery should close one (1) month following the general discovery deadline.

### 3.     Limitations on Discovery

The parties do not propose any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or limitations.

### 4.     Other Orders

The parties propose the following:

(1) Any correspondence between counsel and the parties is not required to be listed in a privilege log; however, the parties cannot agree whether opinions of counsel need be identified in response to discovery requests. Plaintiff believes both the fact and substance of opinions of counsel may be discoverable only if reliance on advice of counsel is raised as an issue. Defendants believe that a party is entitled to inquire during discovery whether an opinion was rendered by counsel and if so, by whom, when, and to whom it was reported without reliance being raised. Only the substance of the opinion is privileged;

(2) The parties will produce certified translations of foreign language discovery

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

documents they intend to rely upon, upon reasonable request;

(3) Production of documents including ESI can be in hard copy form identified by Bates numbers or as PDF files and need not be in their native format; however, a party may be required to produce metadata for specific documents, upon the reasonable request of the receiving party; and

(4) The parties request the entry of a protective order to govern confidential information. The parties have agreed to the form of the proposed protective order, and same will be submitted to the Court under separate cover.

Dated: January 8, 2010

GORDON & REES LLP

by /Richard P. Sybert
Richard P. Sybert
Maha Sarah
Attorneys for Plaintiff

Dated: January 8, 2010

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

by /Marsha Amin/
Frank L. Tobin
Marsha Amin

Neil M. Zipkin (Admitted pro hac vice)
AMSTER, ROTHSTEIN & EBENSTEIN LLP

Attorneys for Defendants

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA 92101. On January 8, 2010, I served the within documents:

1.  **Joint Discovery Report**

[X] **By Electronic Filing.** I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

| | |
|---|---|
| Frank Tobin<br>Marsha Amin<br>Procopio, Cory, Hargreaves & Savitch LLP<br>530 B Street, 21st Floor<br>San Diego, CA 92101<br>Tel.: (619) 238-1900<br>Fax: (619) 235-0398<br>Email: flt@procopio.com<br>Email: ma@procopio.com<br>Attorneys for Defendants<br>PRIME TIME TOYS LIMITED and<br>DISCOVERY COMMUNICATIONS, INC. | Chester Rothstein, Esq.<br>Neil Zipkin, Esq.<br>Amster, Rothstein & Ebenstein LLP<br>900 Park Avenue<br>New York, NY 10016<br>Tel.: (212) 336-8000<br>Fax: (212) 336-8001<br>Email: crothstein@arelaw.com<br>Email: nzipkin@arelaw.com<br>Attorneys for Defendant<br>PRIME TOYS LLC |
| Laura Farina<br>Vice President, Legal Affairs<br>Discovery Communications, Inc.<br>One Discovery Place<br>Silver Spring, MD 20910<br>Tel.: (240) 662-3537<br>Fax: (240) 662-8837<br>Attorneys for Defendant<br>DISCOVERY COMMUNICATIONS, INC. | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 8, 2010 at San Diego, California.

*Monica L. Mims*
Monica L. Mims

LNRD/1055943/7240347v.1